IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| United States of America | ) |
| | ) Cr. No. 7:10-51-HMH |
| | ) |
| vs. | ) **OPINION & ORDER** |
| | ) |
| Jarcoby Dewan Geter, | ) |
| | ) |
| Movant. | ) |

This matter is before the court on Jarcoby Dewan Geter's ("Geter") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. For the reasons that follow, the court summarily dismisses Geter's motion.

On February 23, 2010, Geter pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) & 924(a)(2). He was sentenced on June 16, 2010, to seventy months' imprisonment, to be followed by a three-year term of supervised release. Geter did not appeal his conviction or sentence. On August 13, 2012, he filed the instant motion seeking to vacate his sentence under § 2255, arguing that the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), renders his sentence invalid.

Upon review, the court finds that Geter's motion is time-barred. A federal inmate seeking habeas relief under § 2255 is subject to a one-year statute of limitations. The one-year period to file a § 2255 motion commences upon the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States

1

> is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f). Judgment was entered on June 22, 2010. Because Geter failed to pursue a direct appeal, his conviction became final fourteen days after entry of judgment. United States v. Johnson, No. 99-7005, 2000 WL 37753, at *1 (4th Cir. Jan. 19, 2000) (unpublished). However, Geter waited more than two years after his conviction became final to file the instant motion. He argues that his motion is timely because the limitations period was delayed by subparagraph (3), or alternatively that the limitations period is subject to equitable tolling. However, as explained below, neither argument has merit.

Geter first contends that the Fourth Circuit's holding in Simmons announced a newly recognized right that applies retroactively to cases on collateral review. (Geter § 2255 Mot. 3-4.) Relying on § 2255(f)(3), he argues that the statute of limitations did not commence until August 17, 2011, the date on which Simmons was decided. (Id.) Subparagraph (3), however, is limited by its own terms to only those rights newly "recognized by the Supreme Court." See E.J.R.E. v. United States, 453 F.3d 1094, 1098 (8th Cir. 2006) ("We believe Congress . . . impliedly rejected the notion that . . . decisions taken from the courts of appeal in all instances, could trigger any of the limitations periods enumerated under § 2255."). The Fourth Circuit's decision in Simmons therefore cannot serve to delay the start of the limitations period under § 2255(f)(3).

2

Although the limitations period is not subject to statutory tolling, Geter's motion may nevertheless be timely if he can demonstrate that he is entitled to equitable tolling of the limitations period. A federal inmate is entitled to equitable tolling of § 2255's statute of limitations only upon a showing that (1) he has pursued his rights diligently and (2) some extraordinary circumstance precluded a timely filing. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). Equitable tolling of the limitations period is appropriate when wrongful conduct on the part of the opposing party prevented the movant from filing a motion, or extraordinary circumstances beyond the movant's control made it impossible to timely file a motion. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Geter has failed to articulate the existence of extraordinary circumstances that impeded his ability to file a timely habeas motion. Furthermore, given that he waited nearly one year following the Fourth Circuit's decision in Simmons to file his § 2255 motion, Geter has made no showing that he diligently pursued his rights. See Dodd v. United States, 365 F.3d 1273, 1283 (11th Cir. 2004) (holding that petitioner was not entitled to equitable tolling of limitations period when he filed his § 2255 motion over five months after a new right was recognized by the Supreme Court). Therefore, the court concludes that Geter is not entitled to equitable tolling of the one-year limitations period.

Finally, even if Geter's motion to vacate his conviction and sentence were timely, he is not entitled to habeas relief. Simmons examined North Carolina's unique statutory sentencing scheme and held that a North Carolina conviction is a felony only if the actual defendant is eligible to receive a sentence exceeding one year, taking into account the defendant's criminal history and the nature of his offense. 649 F.3d at 243-47. The sentencing scheme examined in Simmons does not exist in South Carolina, United States v. Anderson, Criminal No. 0:04-353-

3

CMC, 2012 WL 1594156, at *3 (D.S.C. May 7, 2012) (unpublished), and none of Geter's prior criminal convictions occurred in North Carolina. Consequently, <u>Simmons</u> provides no relief to Geter.

Based on the foregoing, the court summarily dismisses Geter's § 2255 motion.

It is therefore

**ORDERED** that Geter's motion to vacate, set aside, or correct his sentence, docket number 41, is summarily dismissed. It is further

**ORDERED** that a certificate of appealability is denied because Geter has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). It is further

**ORDERED** that Geter's motion to hold his § 2255 motion in abeyance, docket number 42, is denied as moot.

**IT IS SO ORDERED.**

                                        s/Henry M. Herlong, Jr.
                                        Senior United States District Judge

Greenville, South Carolina
August 15, 2012

**NOTICE OF RIGHT TO APPEAL**

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.